894438/PAWalsh            Atty. ARDC No. 6186464

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| SHANI R. DAVIS, ) | |
|     Plaintiff, ) | |
| v. ) | Case No. 08CV6581 |
| ) | Judge Manning |
| AMERICAN RED CROSS, ) | |
| AMERICAN RED CROSS OF GREATER CHICAGO, ) | **MOTION TO DISMISS** |
|     Defendants. ) | |

NOW COMES THE defendant, American National Red Cross, by its attorneys, Hinshaw & Culbertson LLP, and pursuant to FRCP 12(b)(6), moves to dismiss plaintiff's cause of action, with prejudice. In support thereof, the defendant states as follows:

    1.    Attached hereto as Exhibit A is the "Complaint" filed by plaintiff Shani Davis. The Complaint consists of three paragraphs, none of which are numbered. The Complaint fails to state a claim upon which relief can be granted because it: (A) fails to establish that Shani Davis has been appointed as the Administrator of Paula Williams Estate, or that she is authorized and entitled to seek recovery for the Williams estate under the Illinois Wrongful Death Act, 740 ILCS § 180, and Survival Act, 755 5/27-6; (B) violates FRCP 8(a)(2) and (3) because it fails to provide a short and plain statement of the basis for alleging negligence against American National Red Cross, and the specific relief sought; and, (C) is time barred by the statute of limitations at 735 ILCS 5/13-212. In support thereof, the defendant states as follows:

**A.**    **Plaintiff's Cause of Action is Barred by the Illinois Wrongful Death Act**

Apparently "The Complaint" is an attempt by plaintiff to allege a common law negligence cause of action against American National Red Cross, based on "negligence on the

part of the blood suppliers . . . on the submission and improper quality inspection of the batch and control; of that isolated incidence".(Complaint ¶ 3) The Illinois Wrongful Death Act, 740 ILCS 180/1 *et seq.*, provides at 740 ILCS 180/2 that "Every action shall be brought by and in the names of the personal representatives of such deceased person, and . . . the amount recovered in every such action shall be for the exclusive benefit of the surviving spouse and next of kin of such deceased person . . .".

Plaintiff is not entitled to bring suit in her individual capacity under the Wrongful Death Act. The Wrongful Death Act was intended to afford the sole and exclusive remedy in a Wrongful Death case. *Baird v. Chicago B&O Railway Co.*, 11 Ill.Ap.3d 264 (4th Dist. 1973). A proceeding to recover compensation for causing death by wrongful act, neglect or default, can only be maintained by virtue of the Wrongful Death statute. *Miller v. Pinkney*, 164 Ill.Ap. 576 (1912). The Wrongful Death Act does not create an individualized action for a plaintiff bringing suit, but rather for a cause of action for the benefit of the deceased's estate. *Addison v. Health & Hospital Governing Commission of Cook County*, 56 Ill.Ap.3d 533 (1st Dist. 1977). To recover damages under the Wrongful Death Act, the decedent's personal representative must file the cause of action alleging wrongful death. *Glenn v. Johnson*, 198 Ill.2nd 575 (2002). The Wrongful Death Act does not create an individual right in a beneficiary of the estate to bring suit. *Rogers v. Consolidated RR Corp.*, 136 Ill.Ap.3d 191 (4th Dist. 1985). Under the Wrongful Death Act, only the personal representative of the estate may sue. *Mitseff v. Acme Steel Co.*, 208 F.Supp. 805 (N.D. Ill. 1962).

"The Complaint" does not attach any Order from an appropriate Probate or other court in Cook County indicating that Shani Davis has been appointed as the administrator of Paula Williams' estate. "The Complaint" does not provide any allegation, or documentary support for

6384680v1 894438 41003

the conclusion that Shani Davis is the administrator of Paula Williams' estate, much less that Shani Davis is even a beneficiary of Paula Williams' estate. Since the Wrongful Death Act is to be strictly construed, and only allows for a duly appointed administrator of Paula Williams' estate to bring a Wrongful Death cause of action, "The Complaint" brought by Paula Williams should be dismissed with prejudice.

**B.     Plaintiff has Failed to Provide a Short and Plain Statement of Plaintiff's Claim, and the Relief Sought, in Derivation of FRCP 8(a)(2), (3)**

Plaintiff has failed to provide a short and plain statement of the specific manner in which the American National Red Cross was negligent, and the relief sought by plaintiff. The plaintiff merely alleges in ¶ 2 of plaintiff's Complaint that "Paula Williams was injected with Hepatitis C in 1991 at Central DuPage Hospital in Winfield, IL. She went in for hip surgery and came out 15 yrs. later with a final diagnosis in 2005 with Hepatitis C; therefore leading to a terminal illness the later part of 2006, to early 2008 with the hope of a miracle pill called "Terceva" later pronounced deceased October 23, 2006." The plaintiff does not specifically allege what negligent acts by defendant plaintiff's cause of action is based on. Plaintiff also fails to allege the legal or other process plaintiff underwent to be appointed the administrator of Paula Williams' estate.

Further, it is not clear what relief plaintiff seeks, or the type of damages plaintiff seeks. Plaintiff does not clearly indicate whether she seeks damages with respect to the Survival Act, Wrongful Death Act, loss of society or consortium, or otherwise. Plaintiff also fails to allege who plaintiff's Complaint is brought on behalf of. Therefore, plaintiff's Complaint at Law should be dismissed with prejudice pursuant to FRCP 8.

6384680v1 894438 41003

### C. Plaintiff's Complaint is Time Barred by the Statute of Limitations

Plaintiff's Complaint is vague, and fails to allege a specific date of occurrence, a discovery date, or other pertinent facts and dates which would allow the court to definitively conclude whether the plaintiff's cause of action is time barred. It appears from the Complaint plaintiff is alleging that Paula Williams was injected with Hepatitis C in 1991, although the specific date of the hip surgery during which plaintiff apparently contracted Hepatitis C from a blood transfusion is not pleaded. Plaintiff alleges that Paula Williams received a "final diagnosis in 2005 with Hepatitis C; therefore leading to terminal illness the later part of 2006, to early 2008 with the hope of a miracle pill called "Terceva" later pronounced deceased October 23, 2006." It's not clear from plaintiff's Complaint when plaintiff died. Plaintiff alleges that plaintiff was "later pronounced deceased October 23, 2006", earlier in the same sentence plaintiff alleges that plaintiff had a "terminal illness the later part of 2006, to early 2008".

Nonetheless, a Wrongful Death action requires that the deceased had a viable action for wrongful injury at the time of death. *Wolf v. Bueser*, 279 Ill.Ap. 217 (1st Dist. 1996). The two-year limitations period for Wrongful Death actions begins at the death of the decedent, but only if the decedent had a right to sue at the time of his death. *Wyness v. Armstrong World Industries, Inc.*, 171 Ill.Ap.3d 676 (1988).

Based on the face of the Complaint, assuming an occurrence in 1991, decedent Paula Williams did not have a viable cause of action under the four-year statute of repose in 735 ILCS 5/13-212 at the time of her death in 2006. Since the decedent did not have a viable cause of action at the time of her death, the statute of limitations expired, and her estate has no entitlement to a cause of action.

6384680v1 894438 41003

735 ILCS 5/13-212 entitled "Physician or Hospital" provides that:

(a) except as provided in Section 13-215 of this Act, no action for damages or injury or death against any physician, dentist, registered nurse or hospital duly licensed under the laws of this state, whether based upon tort, breach of contract, or otherwise, arising out of patient care shall be brought more than two years after the date on which the claimant knew, or through the use of reasonable diligence should have known, or received notice in writing of the existence of the injury or death for which damages are sought in the action, whichever of such date occurs first, but in no event shall such action be brought more than four years after the date on which occurred the act or omission or occurrence alleged in such action to have been the cause of such injury or death.

The four-year statute of repose creates an absolute bar to a physician's liability for injuries to an adult child based upon allegations of medical negligence, even though the four years had elapsed prior to the patient's death. *O'Brien v. O'Donoghue*, 292 Ill.Ap.3d 699 (1st Dist. 1997). Where a patient himself was barred during his lifetime from bringing a medical malpractice action by the passage of four years following the alleged malpractice, an administrator of the estate cannot bring a Wrongful Death action based on that malpractice after his death. *Malinowski v. Mullangi*, 223 Ill.Ap.3d 1037 (1st Dist. 1991). Even if the estate's medical malpractice cause of action did not accrue until the patient's death, when a cause of action was not filed until more than five years after alleged wrongdoing, the Survival Action was barred by the four-year limitations. *Real v. Kim*, 112 Ill.Ap.3d 427 (1st Dist. 1983).

Under the aforementioned applicable statute of limitations, plaintiff's cause of action is time barred, and should be dismissed with prejudice. The passage of 17 years since the date of the alleged negligence in around 1991 renders plaintiff's cause of action time barred, regardless of what statute of limitations applies.

-6-

**WHEREFORE**, the defendant, American National Red Cross, prays that plaintiff's cause of action be dismissed, with prejudice.

Respectfully submitted,

HINSHAW & CULBERTSON LLP

By: s/ Peter A. Walsh
Attorneys for Defendant
American National Red Cross

Attorney Peter A. Walsh
222 North LaSalle Street, Suite 300
Chicago, IL 60601-1081
(312) 704-3000
Fax: (312) 704-3001
Atty. ARDC No. 6186464

6384680v1 894438 41003